IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA CARUSO SCOLIERI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-1581 |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

AND NOW, this 30th day of September, 2024, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 12) filed in the above-captioned matter on February 1, 2024,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 7) filed in the above-captioned matter on November 20, 2023,

IT IS HEREBY ORDERED that said Motion is GRANTED. Accordingly, this matter is hereby remanded to the Commissioner of Social Security for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.    Background**

Plaintiff Maria Caruso Scolieri protectively filed a claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, effective May 4, 2021, claiming that she became disabled on December 1, 2020 due to complications from a leg injury and hearing loss. (R. 17, 243-48, 269). After being denied initially on July 9, 2021, and upon reconsideration on October 6, 2021, Plaintiff sought, and obtained, a telephonic hearing before an Administrative Law Judge ("ALJ") on February 9, 2022. (R. 17, 106-13, 115-19, 120-21, 36-

73).  In a decision dated April 4, 2022, the ALJ denied Plaintiff's request for benefits (R. 17-29), and the Appeals Council declined review on July 11, 2023.  (R. 1-3).  Plaintiff filed an appeal with this Court, and the parties have filed cross-motions for summary judgment.

II.     **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.  *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting § 405(g)); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).  If the district court finds this to be so, it must uphold the Commissioner's final decision.  *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently."  *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)).

"Substantial evidence" is defined as "more than a mere scintilla."  *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'"  *Morales v. Apfel*, 225 F.3d 310, 317 (3d

Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)).  "'Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion.'"  *Id.*  So as to facilitate the district court's review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]."  *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence.  *See id.* at 705-06.  Moreover, the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason."  *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period.  *See Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001).  "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'"  *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process in guiding ALJs in determining whether a claimant is under a disability as defined by the Act.  *See* 20 C.F.R. § 404.1520.  At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity.  *See id.* at § 404.1520(a)(4)(i).  If so, the disability claim will be denied.  *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  If not, the second step of the process is to determine whether the claimant is

suffering from a severe impairment.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).  "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities."  *Id.* at § 404.1522.  If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits.  If the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment.  *See id.* at § 404.1520(a)(4)(iii).  If a claimant meets a listing, a finding of disability is automatically directed.  If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

In considering these steps, the ALJ must formulate the claimant's residual functional capacity ("RFC").  A claimant's RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments.  *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. § 404.1545(a).  At Step Four, it is the claimant's burden of demonstrating an inability to perform his or her past relevant work.  *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994).  If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to the fifth and final step.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability.  *See id.* at § 404.1520(a)(4)(v).  In making this determination, the ALJ must consider the claimant's RFC, age, education, and past work experience.  *See id.*  The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled.  *See id.* at § 404.1523.

**III.    The ALJ's Decision**

In her April 4, 2022 decision, the ALJ found that Plaintiff met the insured requirements of the Act through December 31, 2025. (R. 19). She then proceeded to apply the sequential evaluation process, finding that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date of December 1, 2020. (*Id.*). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had several severe impairments, including status post fracture of the left tibia and fibula, obesity, and sensorineural hearing loss, although she found that some of Plaintiff's alleged impairments, specifically post-concussion syndrome, hypothyroidism, lung nodules, depression, and anxiety, did not qualify as severe impairments. (R. 19-21). The ALJ concluded that none of Plaintiff's impairments met any of the listings that would satisfy Step Three. (R. 21-22).

The ALJ found that Plaintiff retained the RFC to perform medium work, as defined in 20 C.F.R. § 404.1567(c), with several non-exertional limitations. (R. 22). At Step Four of the process, the ALJ found that Plaintiff had no past relevant work. (R. 28). She therefore proceeded to determine, at Step Five, whether there were jobs in the national economy that Plaintiff could perform. A vocational expert ("VE") testified that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform a significant number of jobs in the national economy, including the representative occupations of sandwich maker, laboratory equipment cleaner, and floor cleaner. (R. 28, 70). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 29).

**IV.    Legal Analysis**

Plaintiff asserts that the ALJ erred in finding that she had an RFC consisting of a limited range of medium work. She sets forth several arguments as to why, including that the ALJ

improperly relied on a functional capacity evaluation performed on February 2, 2022, in discrediting medical opinion evidence limiting her to no greater than light work. The Court agrees that the ALJ failed to adequately explain why this evaluation, on which she substantially relied in making her RFC findings, supported a finding that Plaintiff could perform medium work. Accordingly, it will remand the matter for further consideration consistent with this order.[1]

As discussed above, the ALJ found Plaintiff to be capable of performing a limited range of medium work, as defined in 20 C.F.R. § 404.1567(c). (R. 22). Section 404.1567(c) provides that "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." As Plaintiff points out, both state reviewing consultants, as well as her treating physician, Gwendolyn Sowa, M.D., Ph.D., opined that Plaintiff was limited to light exertional work, *i.e.*, that she could lift and carry 20 pounds occasionally and 10 pounds frequently. (R. 84, 98, 1110). In addition, Dr. Sowa's opined limitations in regard to Plaintiff's ability to stand and walk would have precluded even light work. (R. 1110). The ALJ considered these opinions, but found them to be generally unpersuasive, in relevant part because they were inconsistent with the functional capacity evaluation performed by Bruce Jacobs, O.T., on February 2, 2022 (the same day Dr. Sowa offered her opinion), which the ALJ characterized as supporting a finding that Plaintiff could perform medium work. The ALJ, in fact, found Mr. Jacobs' evaluation to be persuasive on this point. (R. 26-27). Without further explanation, however, the Court cannot follow this reasoning.

---

[1] Because the Court is remanding this case based on this issue, it does not reach Plaintiff's argument that the ALJ also erred in evaluating her subjective testimony. On remand, the ALJ, of course, should ensure that Plaintiff's testimony is properly evaluated pursuant to the SSA's regulations.

Mr. Jacobs stated that Plaintiff's physical demand capacity was medium (R. 1112), but he used that term as defined by the United States Department of Labor's Physical Demand Levels (R. 1113, 1116), which although similar to the definition in Section 404.1567, is not synonymous.  Under the Department of Labor's guidelines, medium work requires the ability to occasionally lift 20-50 pounds and frequently lift 10-25 pounds, and Mr. Jacobs' evaluation determined that Plaintiff could lift 22-30 pounds occasionally and 11-15 pounds frequently. (R. 1113).  While such findings are consistent with the Department of Labor's definition of medium work, they do not comport with Section 404.1567(c)'s requirement that Plaintiff be able to lift no more than 50 pounds and frequently lift and carry up to 25 pounds.  Indeed, although he used the word "medium," Mr. Jacobs' evaluation appears to be more consistent with light work as defined in the SSA's regulation as set forth at Section 404.1527(b).

While the ALJ, of course, was not bound by the functional capacity evaluation, she did find it persuasive and specifically found it to be inconsistent with the other opinions as to Plaintiff's physical functional capacity, all of which, at least in terms of exertional activity, found Plaintiff capable of performing no more than light work.[2]  The ALJ did not discuss the differences between Mr. Jacobs' findings and the ordinary requirements for medium work.  What is left, then, are four opinions arguably limiting Plaintiff to no more than light exertional work as the SSA uses that term, and an RFC finding of medium work with no explanation for this deviation.   Such a finding is not improper per se, but without further explanation, the Court cannot follow the chain of reasoning.   An ALJ's analysis must "give some indication of the evidence which [she] rejects and [her] reason(s) for discounting such evidence," *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) (citing *Plummer*, 186 F.3d at

---

[2]   The Court further notes that there is no indication that the VE understood the term medium work to mean anything other than the usual definition in Section 404.1567(c).  (R. 70).

7

429), and she cannot reject evidence for "no reason or the wrong reason." *Cotter*, 642 F.2d at 706; *Plummer*, 186 F.3d at 429. Remand is therefore appropriate, as the reasons given by the ALJ for finding Plaintiff to be capable of performing medium work rather than the light work to which several medical sources opined do not appear to have been based on an accurate reading of the February 2022 functional capacity evaluation on which she substantially relied in making her findings.

The Court takes no position as to how persuasive the various medical opinions should be found to be or whether the RFC should include a limitation to medium work or something less than that. It is the need for additional explanation by the ALJ that necessitates a remand in this case.[3]

### V. Conclusion

In short, the record does not permit the Court to determine whether the ALJ's decision is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands the case to the Commissioner for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:   Counsel of record

---

[3]   Therefore, the record does not permit the Court to reverse and remand the case for an award of benefits. *See Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984).